**Vera GOJCEVIC, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–3292–ag.**

United States Court of Appeals, Second Circuit.

June 2, 2006.

Gregory Marotta, Law Offices of Richard Tarzia, Belle Mead, NJ, for Petitioner.

Reginald I. Lloyd, United States Attorney for the District of South Carolina, Marvin J. Caughman, Assistant United States Attorney, Columbia, SC, for Respondent.

PRESENT: THOMAS J. MESKILL, CHESTER J. STRAUB and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Vera Gojcevic, a citizen of the Federal Republic of Yugoslavia, appeals from the BIA's May 27, 2005 order affirming Immigration Judge ("IJ") Sandy Hom's order denying her application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA adopts or defers to a decision of the IJ. *See Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

Asylum may be denied as a matter of discretion, even if an alien established that he or she has been persecuted in the past if there is little likelihood of present or future persecution. *See Islami v. Gonzales*, 412 F.3d 391, 397 (2d Cir.2005). Gojcevic argues that the IJ erred when he found that there had been a change in circumstances such that she no longer has a well-founded fear of persecution. She claims that the IJ failed to consider the background material she submitted, which reflects the ongoing persecution of ethnic Albanians in the Federal Republic of Yugoslavia and supports her claim.

■ The IJ clearly acknowledged in his decision that Gojcevic provided information to support her assertions, although he dismissed the evidence as irrelevant. *Cf. Tian–Yong Chen v. Ashcroft*, 359 F.3d 121, 130–31 (2d Cir.2004). The record shows that the IJ thoroughly reviewed Gojcevic's evidence, but did not find that it contested the findings made by the U.S. Department of State. As a result, the IJ's finding that there had been a fundamental change in circumstances in the Federal Republic of Yugoslavia is supported by the record.

■ A petitioner must raise issues to the agency in order to preserve them for judicial review. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006); 8 U.S.C. § 1252(d)(1). In her appeal to the BIA, Gojcevic failed to set forth a claim for humanitarian relief based on severity of persecution; therefore, this Court lacks the jurisdiction to review that claim. Moreover, Gojcevic has not challenged the IJ's denial of her CAT claim in her brief to this Court. Issues not sufficiently argued in the briefs are considered waived and will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.